KATHLEEN E. FINNERTY - (SBN 157638) (Counsel for Service)
NANCY J. DOIG - (SBN 226593)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
finnertyk@gtlaw.com, doign@gtlaw.com

Attorneys for Plaintiff
ASPEX EYEWEAR, INC.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPEX EYEWEAR, INC. | CASE NO. 2:10-CV-00632-MCE-GGH |
| Plaintiff, | DECLARATION OF NANCY J. DOIG IN SUPPORT OF ASPEX EYEWEAR, INC.'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| VISION SERVICE PLAN; MARCHON EYEWEAR, INC.; ALTAIR EYEWEAR, INC. | DATE: May 13, 2010<br>TIME: 2:00 P.M.<br>CTRM: 7<br>JUDGE: Hon. Morrison C. England, Jr. |
| Defendants. | |

I, NANCY J. DOIG, declare as follows:

1. I am a member of the State Bar of California, and am an associate attorney at Greenberg Traurig, LLP. I have personal knowledge of the facts stated in this declaration, except as to those matters alleged on information and belief, and as to those matters, I believe them to be true, and if called as a witness, could testify competently thereto.

2. On January 25, 2010, I made a public records act request for filings made by Vision Services Plan ("VSP") to the California Department of Managed Health Care. When I made this request, I spoke on the phone with Sarah Jafarinejad, an Associate Governmental Program Analyst with the Office of Legal Services for the Department of Managed Health Care. Ms. Jafarinejad indicated that the most recent filings made by VSP would have been e-filed. Because I was interested in the most current information available, I told Ms. Jafarinejad

1

1  that I would accept a CD-Rom of efiled documents. On February 4, 2010, Ms. Jafarinejad sent me a disk containing documents filed between on or about February 17, 2005 and on or about October 23, 2009. Upon information and belief, based on (1) my conversations with Ms. Jafarinejad and (2) the fact that a request for subsequently-filed documents that I made on March 25, 2010 has thus far yielded no additional results, the documents attached to this declaration represent current versions of those documents.

3. Attached as **Exhibit A** is a true and correct copy of the Combined Evidence of Coverage and Disclosure Form ("EOC") for the Healthy Families Program effective July 1, 2009 to June 30, 2010. Page 9 of the EOC states, "A frame allowance of $75 will be provided by the vision plan. The frame benefit provides a subscriber choice to select a frame that fits their [sic] lifestyle." The exclusions and limitations listed beginning on page 12 do not include a statement that frame choices will be limited based on the manufacturer of the frames.

4. Attached as **Exhibit B** is a true and correct copy of redlined Contract Provisions of the Individual Vision Care Plan, effective January 1, 2006. Page 4 states regarding "Frames" that "You and each of Your Covered Dependants are entitled to an allowance of [$30.00] toward the purchase of one set of frame [each Plan Year]. ... For a list of non-covered materials, please refer to the section on page [8] entitled 'Plan Limitations'." The list of items "NOT COVERED" does not indicate frame choices will be limited based on the manufacturer of the frames.

5. Attached as **Exhibit C** is a true and correct copy of promotional materials for VSP filed with the Department of Managed Health Care that states for either the 12 month or the 24 month plan a "Frame of your choice [is] covered up to $120."

6. Attached as **Exhibit D** is a true and correct copy of a "SAMPLE" Group Vision Care Contract. Page 25 indicates frames are covered up to the plan allowance. The exclusions and limitations listed on page 28 do not indicate frame choices will be limited based on the manufacturer of the frames.

7. Attached as **Exhibit E** is a true and correct copy of the Group Vision Care Plan EOC provided by VSP. Page 4 states with respect to frames, "The Member Doctor will assist

in the selection of frames, [and] properly fit and adjust the frames … . Each Covered Person is entitled to new frames as indicated on the enclosed insert." The matrix accompanying the EOC indicates the patient out-of-pocket for frames will be any amount exceeding the VSP allowance as determined by the group. The exclusions and limitations listed on page 5 do not indicate frame choices will be limited based on the manufacturer of the frames, nor do they indicate VSP will limit the provider's role in the selection of frames.

8. Attached as **Exhibit F** is a true and correct copy of an "Exhibit E-1 Filed on April 21, 2008," which is part of a Notice of Material Modification to Plan License Application Re: Acquisition filed by VSP with the Department of Managed Health Care.

9. Attached as **Exhibit G** is a true and correct copy of an online advertisement for the VSP Choice Plan for individuals available at https://vsp.careington.com/ that I viewed on April 8, 2010. It states "Frames - Your Choice! Covered up to $120[.] Plus 20% off any out-of-pocket costs[.]"

10. Attached as **Exhibit H** is a true and correct copy of the description of the VSP Signature Plan outlining plan coverage. It indicates that more than 95% of VSP patients see VSP doctors. This document is available at http://www.docstoc.com/docs/18427917/VSP-Signature-Plan/, and I last viewed it on April 9, 2010.

I declare under penalty of perjury under the laws and rules of the State of California that the foregoing is true and correct. Executed this 9th day of April, 2010 at Sacramento, California.

_____
Nancy J. Doig