SCOTT W. HANSEN (admitted pro hac vice)
LAURA A. BRENNER (admitted pro hac vice)
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
E-mail: shansen@reinhartlaw.com
lbrenner@reinhartlaw.com

WILLIAM R. WARNE (Bar No. 141280)
MEGHAN M. BAKER (Bar No. 243765)
Downey Brand
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Telephone: 916-520-5510
Facsimile: 916-520-5910
E-mail: wwarne@downeybrand.com
mbaker@downeybrand.com

Attorneys for Defendant
VISION SERVICE PLAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPEX EYEWEAR, INC.<br><br>Plaintiff,<br><br>v.<br><br>VISION SERVICE PLAN; MARCHON EYEWEAR, INC.; ALTAIR EYEWEAR, INC.<br><br>Defendants. | CASE NO. 2:10 CV 00632 JAM - GGH<br><br>DECLARATION OF STEVE WRIGHT IN SUPPORT OF VISION SERVICE PLAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>Date: May 19, 2010<br>Time: 9:30 a.m.<br>Courtroom: No. 6<br>Judge: Hon. John A. Mendez |

## DECLARATION OF STEVE WRIGHT

1. My name is Steve Wright and I am the President of Altair Eyewear, Inc. ("Altair"). I have personal knowledge of the facts stated in this declaration.

2. I became President of Altair in 2003, not long after Aspex Eyewear, Inc. ("Aspex") filed a lawsuit against Altair for patent infringement in the United States District Court for the Southern District of New York. I was personally involved in meetings between representatives of Altair and Aspex in 2007 and 2008 to attempt to settle the New York patent litigation.

3. On September 5, 2007, I met with Thierry Ifergan, a Vice President of Aspex, and José Pena, General Counsel of Aspex. The meeting occurred in connection with a mediation that took place between the time that the District Court for the Southern District of New York granted summary judgment dismissing Aspex's claims against Altair and the Court of Appeal's review of that decision. During the mediation, the mediator suggested that I talk privately with Mr. Ifergan and make sure he understood the possibility that Vision Service Plan ("VSP") might decide to stop doing business with Aspex if Aspex kept suing Altair. I followed the mediator's suggestion and spoke privately with Mr. Ifergan conveying the possibility that VSP might end its relationship with Aspex if the litigation continued. I told Mr. Ifergan that Aspex could not just keep litigating with Altair until the bitter end, and that the parties needed to find a mutually agreeable solution. During our talk, I reminded Mr. Ifergan that Aspex does considerable business through VSP and I told him it does not make sense for VSP to continue doing business with Aspex if Aspex was going to keep suing Altair.

4. I spoke again with Mr. Ifergan in an effort to settle the case in December 2008 while I was in Orlando, Florida for a company sales meeting. By then, VSP had completed its acquisition of Marchon Eyewear, Inc. ("Marchon"). During that conversation, I was joined by one of Marchon's founders, Al Berg, a long-time personal acquaintance of the Ifergan family that I believe controls Aspex. Mr. Berg and I met with Mr. Ifergan and Mr. Pena. Once again, I informed them of the likelihood that VSP could decide not to maintain a business relationship with a company that keeps suing Altair. I also said that Mr. Berg had intervened and asked VSP to table that possibility to give Mr. Berg and me a chance to negotiate a settlement between the two parties. Those efforts failed and approximately nine months later Aspex sued Marchon again, in the State of Florida, based on allegations Marchon thought had been previously settled and dismissed.

5. I declare under penalty of perjury under the laws of the United States that this information is true and correct.

Dated this 28 day of April, 2010.

_____
Steve Wright

REINHART\3527855S