**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASPEX EYEWEAR, INC., | No. 11-15000 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00632-JAM-GGH |
| v. | |
| VISION SERVICE PLAN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 17, 2012
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Plaintiff-Appellant Aspex Eyewear, Inc. appeals the district court's dismissal of its complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We review de novo and affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"[A] contract may, by its express terms, provide for a term of duration of indefinite length and without specific limitation, tied not to the calendar but to the conduct of the contracting parties." *Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc.*, 94 Cal. Rptr. 2d 829, 833 (Cal. Ct. App. 2000). Generally, "[a] construction conferring a right in perpetuity will be avoided unless compelled by the unequivocal language of the contract." *Nissen v. Stovall-Wilcoxson Co.*, 261 P.2d 10, 12 (Cal. Ct. App. 1953) (internal quotation omitted). "[I]n some cases," however, "the court by referring to the nature of the contract and the totality of circumstances is able to determine that the obligations of the contract [are] impliedly conditioned as to duration upon the occurrence or non-occurrence of some event or situation." *Consol. Theatres, Inc. v. Theatrical Stage Emp. Union, Local 16*, 447 P.2d 325, 333 (Cal. 1968).

A contract with "neither an express nor an implied term of duration" is "usually construed as terminable at will." *Zee Med.*, 94 Cal. Rptr. 2d at 835 (emphasis omitted) (citing *Consol. Theatres*, 447 P.2d at 335).

The contract between Vision Service Plan ("VSP") and Aspex did not contain an express term specifying that the contract would remain indefinitely in effect as long as Aspex continued to comply with the conditions listed on the Frame Reimbursement Application. *Cf. Long Beach Drug Co. v. United Drug Co.*,

88 P.2d 698, 700 (Cal. 1939) (holding that a contract contained an express indefinite term of duration when it specified that the contract would remain effective "so long as" one party's performance continued).

Nor can the contract be said to imply such a term. Aspex argues that the fact that the Frame Reimbursement Application warned applicants that failure to comply with certain obligations would make their products noneligible for reimbursement is proof that the parties did not contemplate terminability at will. That inference is unwarranted. The warnings in the Frame Reimbursement Application are not analogous to the detailed termination provisions in integrated contracts that courts have held constitute presumptive evidence that an agreement is terminable only for cause. *See, e.g.*, *Zee Med.*, 94 Cal. Rptr. 2d at 836 ("[T]he detailed intricacies of the termination provisions in the Zee distribution agreements clearly indicate the parties did not contemplate termination at will."). Rather, they serve the obvious alternative purpose of alerting aspiring in-network providers to the terms to which they will be subject if their applications are successful.

Aspex further argues that the fact that VSP has never removed a frames vendor from its in-network list for any reason other than those enumerated in the Frame Reimbursement Application tends to show that the contracts between VSP and its in-network providers are terminable only for cause. Although "custom and

3

usage is admissible to prove that termination only for good cause" is an implied contract term, *Varni Bros. Corp. v. Wine World, Inc.*, 41 Cal. Rptr. 2d 740, 746 (Cal. Ct. App. 1995), Aspex's trade-usage evidence is unpersuasive: it is in VSP's interest to maintain a large network of in-network manufacturers, and Aspex's complaint identifies no other manufacturer which has sued a VSP subsidiary but maintained its relationship with VSP.

Aspex alleges nothing about the language of the contract or the circumstances under which it was made that plausibly suggests that the parties contemplated that the contract would be terminable only for cause.

**AFFIRMED.**